ERNEST W. LADD

*v.*

WILLIAM PIGOTT.

*Filed at Ottawa June 13, 1885.*

1. FRAUD AND DECEIT—*false representations in respect to lands remote from place of making contract—how far a party may rely upon them.* Where a party effects an exchange of real estate situate in another State, with a person residing in this State, for property here, by means of false representations as to the quantity of his land, the location thereof, and the character of the improvements thereon, with a knowledge of the falsity of his representations, he will be liable to the injured party in an action on the case

---

---

for fraud and deceit. Under circumstances like these, the person with whom the exchange is sought may rely upon the statements as being true, without being guilty of such negligence as to preclude a recovery by him for the fraud practiced on him. It might be different where the property is situated conveniently near, so as to permit an examination to be readily made.

2.   AMENDMENTS AND JEOFAILS—*defect in pleading cured after verdict.* In an action for fraud and deceit in the exchange of land with the plaintiff for a leasehold interest in a building, and the goods therein, if the declaration fails to aver the assignment of the lease by the plaintiff, which was sold with the stock of goods, it will be too late to object to this defect in the pleading after trial and judgment.

3.   PRACTICE—*time to object that evidence is not admissible under the pleadings.* If a declaration contains no averment to authorize the admission of evidence to prove a particular fact, objection should be specifically made to the introduction of such evidence at the time it is offered, so that the objection may be obviated by an amendment of the declaration. If not so made the objection will be deemed to have been waived.

4.   SAME—*directing a nonsuit.* Where there is evidence tending to prove the averments of the declaration put in issue, a motion for a nonsuit will be properly refused.

5.   INSTRUCTIONS—*whether assuming facts.* Where the propositions in an instruction are all made to rest upon what the jury shall believe from the evidence, or when it states a hypothetical case, which, if the jury believe, from the evidence, existed, they may consider, it will not be liable to the objection it assumes there is evidence of the fact, or indulges in presumptions that there is evidence to prove such propositions.

6.   SAME—*whether to be construed as limiting the proof required.* In an action on the case for fraud and deceit in the exchange of property, the defendant asked the court to instruct the jury that the plaintiff was not entitled to recover unless they should find, from the evidence, that the defendant made the representations alleged in the declaration. The court gave the instruction, but added thereto, "or some material part thereof:" *Held,* that as modified it did not mean that the plaintiff might recover if he proved some of the material representations alleged, but that he must prove all that were material of such representations, which, strictly speaking, is the law.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

The declaration in this suit is in case, to which the general issue was pleaded. The action was brought by William Pigott, against Ernest W. Ladd, to recover for deceit and fraud prac-

ticed by defendant in the sale and exchange of property. On the trial in the Superior Court plaintiff recovered a judgment for $1250, against the defendant, which judgment was afterwards affirmed in the Appellate Court for the First District.

Mr. E. K. SMITH, for the appellant:

False representations as to the condition, situation and value of real estate are not actionable, unless purchaser has been fraudulently induced to forbear inquiry, and then the means must be stated in the declaration. *Brown* v. *Bledsoe,* 1 Idaho, 76; *Crown* v. *Carriger,* 66 Ala. 590.

The representations should be stated in substance, their falsity averred, and that they were made with intent to deceive the plaintiff, and induce him to make the trade or purchase in question, and that they did induce such trade. *Barber* v. *Morgan,* 51 Barb. 116.

In an action for deceit, a *scienter* is necessary to be alleged and proved. *Moore* v. *Noble,* 53 Barb. 425; 36 How. Pr. 385; *Homer* v. *Fellows,* 1 Doug. 51; *Terrell* v. *Bennett,* 18 Ga. 404; *Woothan* v. *Callahan,* 26 id. 366; 32 id. 382; *Hepper* v. *Lisk,* 1 Ind. 176; *Gaffing* v. *Newell,* 9 id. 572; *Holmes* v. *Clark,* 10 Iowa, 423; *Courtney* v. *Carr,* 11 id. 295; *Hallam* v. *Tidhunter,* 24 id. 166; *Pattygrew* v. *Chellis,* 41 N. H. 95; *Taylor* v. *Frost,* 49 Miss. 328; *Morton* v. *Scull,* 23 Ark. 289; *Young* v. *Scovell,* 8 Johns. 23.

The false representations must not only be calculated to deceive, but they must be made with intent to deceive. *Stafford* v. *Newsom,* 9 Ired. L. 507; *Munro* v. *Garidner,* 3 Brev. 31; *Gibbs* v. *Odell,* 2 Coldw. 132; *Breed* v. *Clark,* 55 Vt. 577.

The intent must be proven. *Micon* v. *Montgomery Bank,* 104 U. S. 530; *Lewiston Bank* v. *Dwelley,* 72 Me. 223; *North River Bank* v. *Schumann,* 63 How. Pr. 476.

In actions for fraudulent representations, which defendant is alleged to have known to be false, such knowledge is an essential ingredient, and must be proved. *Merwin* v. *Arbuckle,*

81 Ill. 502; *Bartholomew* v. *Fort*, 4 Blackf. 293; *Massie* v. *Crawford*, 3 T. B. Mon. 218; *Tipton* v. *Triplett*, 1 Metc. 570; *McLoud* v. *Tutt*, 2 Miss. 288; *Ross* v. *Mather*, 47 Barb. 582; *Vanleer* v. *Earle*, 26 Pa. St. 277.

Representations of value, quality, situation and excellency, made by the owner, pending negotiations, are mere matters of opinion, for which no action will lie. *Schram* v. *O'Connor*, 98 Ill. 539; *Bantin* v. *Palmer*, 47 id. 99; *Miller* v. *Craig*, 36 id. 11; *Vernon* v. *Keyes*, 12 East, 632; *Hartman* v. *Flaherty*, 80 Ind. 472; *Saunders* v. *Halterman*, 2 Ired. L. 32; *Lyttle* 'v. *Bird*, 3 Jones' L. 222; *Crown* v. *Corriger*, 66 Ala. 590.

Statements of this kind do not relieve the purchaser from the responsibility of investigation. *Noetling* v. *Wright*, 72 Ill. 390; Kerr on Fraud, 84.

The law will not assist him unless deceit has been practiced against which ordinary care could not protect, (*Van-Horn* v. *Keenan*, 28 Ill. 448,) and there must be some means used to deceive or circumvent. *Railway Co.* v. *Rice*, 85 Ill. 406; *Fauntleroy* v. *Wilcox*, 80 id. 481; *Walker* v. *Hough*, 59 id. 375; *Sims* v. *Klein*, Breese, 302.

The rule of law in transactions between strangers is *caveat emptor*. If the purchaser has equal means of information, and may rely on his own judgment, founded on actual examination, an action will not lie for misrepresentations. *Hill* v. *Bush*, 19 Ark. 522; *Bell* v. *Henderson*, 7 Miss. 311; *Strong* v. *Peters*, 2 Root, 93.

When a purchaser, with full means of knowledge within his reach, relies upon his own judgment, he can not recover. *Post* v. *Williams*, 6 Ind. 219; *Veasey* v. *Dotin*, 3 Allen, 380.

Messrs. Monroe & Tewkesbury, for the appellee, discussed the evidence at some length, to show that it sustained the declaration and the verdict of the jury, and also examined the instructions objected to, insisting that they properly stated the law of the case.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

As this case comes before this court on appeal from the Appellate Court, of course no controverted questions of fact can be considered.

It is objected the evidence does not sustain the case as stated in the declaration, and for that reason the motion for a non-suit should have been sustained. It is seen, on looking into the record, there is evidence tending to sustain the averments of the declaration, and that is sufficient to sustain the judgment, since, under the statute, the finding of the trial and Appellate courts precluded any inquiry as to the weight of the evidence. That would be to investigate controverted questions of fact, which is not allowable. The representations made by defendant as to the property situated in Kansas, which he was about to exchange with plaintiff, were much more than mere expressions of opinion as to its value and desirableness. Falsely stating the quantity of land contained in a certain tract, and the size and character of the improvements situated thereon, is quite a different thing from expressing a mere opinion concerning them. That is what the evidence in this case tends to show was the character of the representations made by defendant to plaintiff which are alleged to be false. Assuming the representations were false, as must be done, there is quite enough in the evidence to show the guilty knowledge on the part of defendant. There was, therefore, no ground for granting a non-suit.

It is said it is an elementary principle the purchaser of real estate can not rely on the mere statement of the vendor, and relieve himself in that way from the responsibility of an investigation. Under some circumstances, no doubt, the rule insisted upon should control; but in this case the land defendant was about to convey to plaintiff was situated in another State, many hundred miles away, and it would be unreasonable to apply the rule with any degree of strictness. Defend-

ant well knew it was not practicable for plaintiff to examine the property without subjecting himself to considerable expense and travel, and under the circumstances he was guilty of no negligence in relying on the statements of defendant as to the quantity of the land to be conveyed to him, the relative situation of the property, and the size and character of the improvements upon it. Had the property been conveniently situated, no doubt the omission to make the usual investigations might have been attributed to plaintiff as negligence, against which the law would not relieve him. It was distinctly told defendant by plaintiff that if the property was as he represented it to be, the trade would be consummated, as was done, and relying on the truth of such representations, as plaintiff might reasonably do, he was greatly overreached in the transaction.

It is insisted the declaration is not sufficient, because it does not aver the assignment of the lease of the building, which was sold with the stock of goods. At most, the objection taken rests on a defective pleading, which, at common law and under our statute, is aided by verdict. (*Barnes* v. *Brookman*, 107 Ill. 317; 1 Chitty's Pleading, 14th Am. ed. 673.) The rule on this subject, as stated by Chitty in his work cited, is, "that where there is any defect, imperfection or omission in any pleading, whether in *substance* or in *form*, which would have been a fatal objection on demurrer, yet if the issue joined be such as necessarily required, on the trial, proof of the facts so defectively or imperfectly stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection or omission is cured by the verdict." That is precisely the case here, and the doctrine stated must control. It is averred in the declaration the lease was to be assigned, and proof was, in fact, made of the assigning of the lease,—hence the verdict on the evidence will be regarded as aiding the defective

pleading insisted upon. It may be added that in all cases where a defective or imperfect pleading will be aided by the verdict, if a party wishes to have any advantage from it he must make the objection at the trial, otherwise all advantage will be lost. In this case, as has been seen, the proof shows the lease was, in fact, assigned to defendant; and if the declaration contained no averment that would warrant the giving of the testimony, objection should have been made for that reason. Had that been done, plaintiff might have obtained leave from the court, under the statute, to amend his declaration on such terms as the court might deem equitable. Failing to obtain leave or amend his defective pleading, the objection, no doubt, would prevail.

It is made a point in the case that the instructions given for plaintiff do not present the case fairly, and are misleading. The criticism made upon the first instruction is, it assumes there is evidence the Kansas property could not be examined by plaintiff. This, it is thought, is not a correct reading of the instruction. It does not, in fact, assume anything, but simply assumes a hypothetical case, which, if the jury believe, from the evidence, existed, they were at liberty to consider,—and that is clearly allowable. The same objection is said to lie to the second instruction, and in addition thereto it is said it indulges the presumption there is evidence to show defendant knew the property in Kansas was not worth over $250,—that he told plaintiff he knew its value; that he induced Martin to make representations to plaintiff, and that plaintiff believed such representations. The latter objection to the second instruction is certainly not well taken. The propositions submitted by that instruction are all made to rest upon what the jury shall believe from the evidence, and by it no presumptions whatever are indulged. No objection is taken to the third instruction, other than those pointed out to the first and second of the series given, and which are found, on examination, to have no existence. Nor is the ob-

jection to the fourth instruction tenable. Like the objection taken to the other charges, it rests upon a mistaken view of the meaning of the instruction.

The court was asked by defendant, in the third proposition submitted, to instruct the jury that plaintiff is not entitled to recover in this case unless the jury believe, from the evidence, that the defendant made the representations alleged in the declaration, which it did, but the court added to the words quoted, "or some material part thereof." The objection taken is broader than a correct reading of the instruction will fairly warrant. It does not mean that plaintiff may recover if he proves some of the material representations alleged in the declaration, but that he must prove all that is material of such representations,—and, strictly speaking, that is the law. Plaintiff is, perhaps, not bound to prove the representations precisely as alleged, but he must prove the substance or the material parts of such representations, and more strictness than that the law does not require. It might be conceded this modification of the instruction was not entirely accurate, and still it seems impossible the jury could have been misled by it, for the law is stated precisely as defendant insists it is, in the context. In the first paragraph of the same instruction the jury were told it must appear, by a preponderance of the evidence, defendant intended to commit, and did commit, a fraud upon plaintiff in manner and form as charged in the declaration, otherwise he could not recover, and the jury should find for defendant. The law on this branch of the case was given to the jury as favorably by the court as defendant could ask to have it done, and it is improbable the jury could have been misled in the slightest degree by the modification made to the third instruction. This court has had frequent occasion to say it is not every trivial error that may appear in a record that will constitute ground for the reversal of the judgment, otherwise perhaps few judgments would be permitted to stand. Only such errors as

materially affect the merits of the case will justify a reversal of the judgment.

There is no just ground for any complaint the court refused proper instructions asked by defendant. The jury were fully instructed as to every phase of the case. Other instructions would have answered no good purpose, if given. Indeed, it seems that all that was contained in the refused instructions was comprised in those that were given, and the court did right to refuse to give the same propositions a second time, although couched in slightly different phraseology.

On the whole record considered, no error is discovered that seriously affects the merits of the case, and the judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*