JOHN ENDSLEY

*v.*

JOSHUA JOHNS.

*Filed at Springfield May 12, 1887.*

1. FRAUD AND DECEIT—*liability of one who receives no advantage from his false representations.* If a person damages another by false representations made with intent to deceive, knowing the same to be false, he will be liable to the party so injured, in an action for deceit, notwithstanding he may derive no benefit by the deceit, and did not collude with the party benefited. The fraud and the *scienter* constitute the ground of the action.

2. SAME—*of the intent to deceive—whether essential.* If there was no intention to deceive, the person making the representation honestly giving his own opinion, believing he is stating the truth, will not be liable, though his statement may be wholly untrue. But when he knowingly states what is untrue, a fraudulent purpose will be inferred; and when the statement relates to the matter inquired of and being relied on, and necessarily brings damage to the person misled, he having no knowledge of its untruth, the action will lie.

3. SAME—*as between vendor and vendee.* As between a vendor and vendee, the general rule is, that false assertions respecting value are not actionable, for the reason that value is, at most, an opinion, and the antagonistic position of the parties is sufficient to put the vendee on his guard.

120 469
137 414

120 469
40a 628
41a 258

120 469
51a 577

120 469
53a 658

120 469
59a 324

120 469
65a 76

120 469
94a ³609

120 469
99a ⁵188

120 469
195 ¹² 50
197 ¹539

120 469
102a ²227

But when the vendor leaves the domain of judgment and opinion, and falsely asserts a fact, as, of quantity, grade, boundary, and the like, inducing reliance and action thereon by one without knowledge of the falsehood, or the present opportunity or ability of verification, and under circumstances justifying belief, and damage results in consequence, an action will lie.

4. SAME—*false representations by third persons.* The principle controlling where the relation of the parties is that of vendor and vendee, has no application when the representation complained of is made by a third party as to the character and credit of another, or asserting another's solvency or reliability. In such case, if a material representation is made with knowledge of its falsity, to one ignorant of its falsity, under circumstances justifying a reasonably prudent man's belief, and it is believed and acted upon with consequent injury, an action will lie.

5. SAME—*how far one may rely upon the representations of another.* Where the representations relate to a material fact within the knowledge of the party making them, or he assumes to make them upon his personal knowledge, and with respect to which the person to whom they are made has not the present opportunity or ability to test or verify, the latter will have the right to rely upon such representations, in the absence of facts apparent to reasonably arouse suspicion and throw doubt upon their truth, and he will not be bound to go any further, and make inquiries in respect thereof.

6. EVIDENCE—*in an action for fraud and deceit—as tending to show the defendant's knowledge of the facts.* In an action on the case by the vendor of cattle, against the agent of the purchaser, based on the alleged false and fraudulent representations of the agent as to the solvency and financial ability of the purchaser, whereby the vendor was induced to accept in payment a worthless check of the purchaser, the court allowed the purchaser to testify, on behalf of the plaintiff, that he made an arrangement with the defendant, the day before the transaction, to "make the check good" with the plaintiff, which was objected to: *Held,* that the evidence was competent, as tending to prove the defendant's knowledge of the truth of the alleged representation.

7. PLEADING AND EVIDENCE—*proving one of several causes of action alleged.* Where each of several counts of a declaration shows certain false and fraudulent misrepresentations of a material fact, but stated differently in form, which, coupled with other averments, show a right to recover, the different allegations in respect to the representations may be regarded as divisible, and the plaintiff may succeed if he can prove any one of them which, of itself, makes a cause of action.

8. SAME—*in action for fraud and deceit—whether necessary to prove allegations precisely as laid.* In an action for fraud and deceit, the plaintiff may recover although he may not prove the misrepresentations precisely as laid, nor in all the different forms as laid. He is only required to prove, substantially, the material allegations. He need not prove the exact words charged in the declaration.

9. SALE—*when the price becomes payable.* The purchaser of cattle selected an agent to weigh and receive the same, and left with such agent his check signed in blank, and the agent filled the blank for the proper amount and tendered the same to the plaintiff, who was induced to accept the same by the false and fraudulent representations of the agent, of the purchaser's financial ability, which check proved worthless. In an action by the vendor, against the agent, to recover damages for the fraud and deceit practiced on him, the court instructed the jury, that when a sale of personal property is made, and the time of payment is not agreed upon, the price is due and payable on delivery: *Held,* that there was no error in giving the instruction.

10. INSTRUCTIONS—*construed—whether dispensing with preponderance of evidence.* An instruction for the plaintiff, in an action to recover for fraud and deceit, that the plaintiff is not required to prove the exact words of misrepresentation laid in the declaration to entitle him to recover, and that it is only necessary for him to prove that substantially the statements set forth in the declaration were made by the defendant, is not subject to the objection of relieving the plaintiff of the obligation of supporting his case by a preponderance of the evidence.

11. SAME—*leaving the jury to judge of the materiality of allegations in a pleading.* It is a general rule, that the court must determine what allegations in a pleading are material and necessary to be proved. But this rule must have a reasonable application.

12. In an action for fraud and deceit, based on certain alleged misrepresentations as to the solvency of the maker of a check, the representations were stated in different forms in the two counts of the declaration, but they were much the same in effect, so that each misrepresentation, when coupled with the general averments in each count, would constitute a separate cause of action. The court instructed the jury, to the effect that if the defendant made the representations alleged in the declaration, or the material part of them, and that they, or the material part of them, were false, to find for the plaintiff. The represention, as alleged, were all material: *Held,* that the instruction, under the circumstances, was not calculated to mislead the jury or injuriously affect the defendant, and that the error in leaving the jury to find what representations were material, was not such as should reverse.

13. ERROR WILL NOT ALWAYS REVERSE—*as to the giving of instructions.* If the court can see that an instruction complained of, taken in connection with the whole series of instructions, and the allegations and proofs in the particular case, could not have misled the jury to the prejudice of the party complaining, the verdict may stand, notwithstanding there may be some error in the same.

14. PRACTICE—*objection to evidence.* A party can not assign for error the admission of evidence, which was not objected to when offered.

APPEAL from the Appellate Court for the Third District;—
heard in that court on appeal from the Circuit Court of Coles
county; the Hon. C. B. SMITH, Judge, presiding.

The declaration contained two counts, in each of which it
was alleged that John Kimlin purchased cattle of Johns, and
gave his check on the First National Bank of Kansas, Illinois,
for $1041.74, (the price of the cattle,) and that Endsley falsely
and deceitfully represented to Johns that Kimlin was solvent,
and that the check was good, and would be honored by the
bank, and then averred that Kimlin was insolvent, and the
check was not good, and that Endsley knew these facts, etc.

The plaintiff's second and sixth instructions are as follows:

"2.  The court instructs the jury, that if you believe, from
the evidence, that the defendant made the representations
alleged in the declaration, or the material portion of them,
and that such representations, or the material part of them,
were false, and were known by the defendant, at the time of
the making, to·be false, and that the plaintiff relied upon
such representations as true, and by reason of the same de-
livered the possession of his cattle to Kimlin, and accepted
his said check, and that the same was of no value, then your
verdict should be for the plaintiff."

"6.  The law is, that if a person makes an untrue state-
ment to another, knowing it to be untrue, and the person to
whom it is made has no knowledge of its untruth, but relied
on such statement as true, and acted upon the same and was
injured thereby, then the person so making such statement
is liable for the damages accruing to the party thus acting."

Messrs. PALMERS, ROBINSON & SHUTT, and Messrs. GOLDEN
& FRYER, for the appellant:

It was error to submit to the jury to determine the mate-
riality of the statements in the pleadings. *Insurance Co.* v.
*Rothschild*, 82 Ill. 166; *Williams* v. *McClure*, 65 id. 390;
*Railway Co.* v. *Porter*, 92 id. 437.

The sixth instruction is subject to two serious objections: First, to authorize a recovery, the representations must be material; and second, the plaintiff must have exercised ordinary care to guard against deception. These two principles are ignored by the instruction. *Schwabacker* v. *Riddle*, 99 Ill. 343; Cooley on Torts, 487.

Where the evidence is conflicting as to the controverted facts and issues in a case, it is essential that the several instructions be accurate. *Ruff* v. *Jarrett*, 94 Ill. 475; *Swan* v. *People*, 98 id. 610; *Keyes* v. *Fuller*, 9 Bradw. 528; *Bauchwitz* v. *Tyman*, 11 id. 186; *Railroad Co.* v. *Dvorak*, 7 id. 555.

In an action for deceit the plaintiff must allege and prove *scienter*. *Weatherford* v. *Fishback*, 3 Scam. 170; *Walker* v. *Hough*, 59 Ill. 378; *Mitchell* v. *Deeds*, 49 id. 418; *Tone* v. *Wilson*, 81 id. 529; *Schwabacker* v. *Riddle*, 99 id. 343; *Johnson* v. *Berry*, 9 Bradw. 70; *Merwin* v. *Arbuckle*, 81 Ill. 501; *Mash* v. *Falkner*, 40 N. Y. 562.

The deceit must be willful, with intent to defraud. 1 Hilliard on Torts, chap. 1, sec. 9; *Weatherford* v. *Fishback*, 3 Scam. 170.

No action lies for false representation, unless the party making it knows it to be untrue, and makes it with the intention of inducing the other party to act upon it, and the latter does so act upon it to his damage. 1 Hilliard, chap. 1, sec. 9; *Behn* v. *Kemble*, 7 C. B. 260.

A fair and reasonably well-grounded belief that the representations were true, is a sufficient defence, however unfounded they may turn out to be. 1 Hilliard, chap. 1, sec. 9; *Shrusbery* v. *Blount*, 2 Scott, 588; *Manes* v. *Kenyon*, 18 Ga. 291; 2 Mann & G. 47; *Eaves* v. *Twitty*, 13 Ired. 468; *Gatling* v. *Newell*, 9 Ind. 572.

Messrs. WILEY & NEAL, for the appellee:

There was no error in the admission of evidence. The burden of proving knowledge by the defendant that Kimlin's

check was not good, was on the plaintiff, and to show that knowledge, it was competent to prove conversations between the plaintiff and defendant. The shipping bills were admitted without objection.

The first instruction was given to show that plaintiff had not failed to prove the contract as alleged—a sale, to be paid for on delivery. It contains a correct principle of law.

The second instruction would have been free of criticism if it had used the expression, "substantial" portion of them, instead of "material." The instruction is substantially good. *Ladd* v. *Piggott*, 114 Ill. 647.

It is claimed that the sixth instruction is like one condemned in *Schwabacker* v. *Riddle*, 99 Ill. 343. But there will be found a marked difference. Besides, the statements claimed to have been made by appellant were material.

To recover for deceit, all that is necessary to prove, is, first, that the representations made are untrue; second, that the party making them knew them to be false; and third, that the plaintiff relied upon the representation as true, and was induced to act upon it. *Dwight* v. *Chase*, 3 Bradw. 67; *McBean* v. *Fox*, 1 id. 177; *Merwin* v. *Arbuckle*, 81 Ill. 501; *Wheeler* v. *Randall*, 48 id. 182; *Hiner* v. *Richter*, 51 id. 299; *Benton* v. *Pratt*, 2 Wend. 386; *Patton* v. *Gumly*, 27 Mass. 182; *Nolte* v. *Rescheln*, 96 Ill. 425; *Gallagher* v. *Brunel*, 6 Cow. 347; Kerr on Fraud and Mistake, 53; Brandt on Suretyship and Guaranty, sec. 59.

In *Pasley* v. *Freeman*, 3 T. R. 51, Justice Buller says: "If a man wickedly assert that which he knows to be false, and thereby draw his neighbor into a heavy loss, the law should compel him to pay for it." This was approved by the court in *Benton* v. *Pratt*, 2 Wend. 368, *Upton* v. *Vail*, 6 Johns. 181, and *Weatherford* v. *Fishback*, 3 Scam. 170.

Mr. HORACE S. CLARK, also for the appellee.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

This was an action on the case, for fraud and deceit, brought to the circuit court of Coles county, resulting in a verdict and judgment for the plaintiff. On the defendant's appeal, the Appellate Court for the Third District affirmed the judgment, and on his further appeal the case is brought to this court.

An accurate statement of the character and state of the pleadings, and issues arising thereon, will be found in the opinion of the Appellate Court, (*Endsley* v. *Johns*, 17 Bradw. 466,) rendering any further statement here unnecessary; and as this is an appeal from a judgment of the Appellate Court affirming the judgment of the circuit court, the finding and judgment of the former as to all contested questions of fact, must necessarily be taken as conclusive upon this court, and will be so regarded in our consideration and discussion of the questions of law arising upon the record.

It is not denied that an action of this character can be maintained, and counsel for appellant concede that the case made by the appellee, in his declaration, is within the doctrine of *Weatherford* v. *Fishback*, 3 Scam. 170. And as there is abundant evidence in the record upon which this verdict and judgment may rest, it only remains for us to consider the questions of law arising upon the action of the trial court in admitting or rejecting evidence, and in giving or refusing instructions.

Our attention is called to two alleged erroneous rulings on the admissibility of evidence. The same question was made in the Appellate Court, and the answer of that court seems to us conclusive. That court said: "It is urged, also, that the court erred in permitting Kimlin to testify that he made an arrangement with defendant, the day before the transaction, to 'make the check good' with plaintiff. This would be competent, as tending to prove the defendant's knowledge of the truth of the alleged representation. It is also objected, that

there was error in allowing the introduction of certain shipping bills in which Kimlin and defendant were jointly interested. We can not consider this, because it does not appear that these matters of evidence were objected to when they were offered."

Objection is urged to appellee's first instruction, wherein the jury were told, that when a sale of personal property is made, and the time of payment is not agreed upon, "the law is that the price is due and payable upon delivery of the property sold." The objection is, that it states an abstract proposition of law, "and was intended either to impose some duty upon the defendant because of the delivery of the cattle to him, or to lay the foundation for a presumption that the defendant made" the deceitful representations imputed to him. The instruction stated the law with substantial accuracy, and under the averments of the declaration, and the evidence, the jury might well be told, as in effect they were by this instruction, that when Johns delivered the cattle Kimlin had bought of him, to Endsley, the agent of Kimlin to receive the cattle, Johns had a right to be paid the purchase price therefor. Kimlin had selected Endsley to receive the cattle from Johns, to weigh them, and to pay for them with Kimlin's signed blank check placed in Endsley's hands for that purpose the day before. Endsley did receive and weigh the cattle, and filled in the proper amount in Kimlin's signed blank check, and tendered the same to Johns in payment for the cattle. Johns accepted the check in payment, after, as he says, Endsley made to him the false and deceitful representations alleged. Johns had a right to be then paid in money; and that he waived this right, and took instead a worthless bit of paper, was because of the alleged false and deceitful representations as to the financial ability of the maker of the paper, to him, by Endsley.

The appellee's second instruction is said to be erroneous. Therein the jury were told, that if the defendant made the

representations alleged in the declaration, or the material part of them, and that such representations, or the material part of them, were false, etc., then the verdict should be for the plaintiff. The objection is, that the jury were thus authorized to determine what part of the alleged representations were material,—that this is a question of law for the court, and not a question of fact for the jury. The instruction is open to the criticism made. It is a general rule, that the court must determine what allegations in a pleading are material and necessary to be proved, and it is improper to submit that question to the jury. But this rule must receive a reasonable application. It is not every error that will reverse, and if the court can see that the instruction complained of, in connection with the whole series of instructions, and the allegations and proofs in the particular case, would not mislead the jury or injuriously affect the adverse party, the verdict may stand, notwithstanding the error. This principle · has been applied so often, and is so well understood, that citation of authority is unnecessary.

In this case, the allegations of falsehood and deceit were stated in different forms in the two counts of the declaration, and it is seen that they are all very much the same in effect, and that each so-called misrepresentation, when coupled with the general averments in each count, would constitute a separate cause of action. Under such circumstances, such allegations may be regarded as divisible, and the plaintiff may succeed, if he can prove any one of them which, of itself,. makes a cause of action. This was the view taken by the Appellate Court, and rightly. But it is also true that the plaintiff might recover although he did not prove the misrepresentations precisely as laid, (*Ladd* v. *Pigott*, 114 Ill. 647,) nor in all the different forms as laid; but it was required of him to prove substantially the material allegations. Here, the alleged misrepresentations were all and each of them material, and the jury were not required to distinguish be-

tween material and immaterial misrepresentations. They all related to the simple inquiries : was the check good; would it be paid; were appellant's representations false, and did he know them to be false ; were they made with intent to deceive. Unless the alleged representations were false, known to be false, and made with intent to deceive, the plaintiff could not recover. There was the sharpest conflict in the evidence. The jury could take no middle ground. Unless they believed appellee and his witnesses, no material allegation as to representations was proved; if believed, every such allegation was proved. In such case, we can not say the instruction was calculated to mislead the jury or injuriously affect the appellant, and the error was not such as should reverse.

By the third instruction the jury were told, that the plaintiff was not required to prove the exact words of misrepresentation laid in the declaration, to entitle him to recover, and that it was only necessary for him to prove, that, substantially, the statements set forth in the declaration were made by the defendant. The objection urged is, that the plaintiff was thereby relieved from the obligation of supporting the case made by the declaration, by a preponderance of the evidence. The declaration averred that appellant made certain statements and representations to appellee, and set out such representations. By this instruction the jury were told, that appellee might recover, although he had not proved that appellant used the exact words laid in the declaration, if he had substantially proved them. We said in *Ladd* v. *Pigott, supra:* "Plaintiff is, perhaps, not bound to prove the representations precisely as alleged, but he must prove the substance or the material part of such representations, and more strictness than that the law does not require." The instruction under consideration is not only within the rule of the *Ladd case,* but does not assume, directly or inferentially, to relieve the appellee from the just obligation of maintaining his case by a preponderance of the evidence.

The next objection is to appellee's sixth instruction, which told the jury, that if a person makes an untrue statement to another, knowing it to be untrue, and the person to whom it is made has no knowledge of its untruth, but relied on such statement as true, and acted upon the same and was injured thereby, then the person making such statement is liable for the damages accruing to the party thus acting. This, it is urged, is an incorrect statement of the rule of law applicable to cases of this character.

The right of one damaged by the false representations of another, made with intent to deceive, and known to be false, to have his action on the case for deceit, notwithstanding the offender was not benefited by the deceit, and did not collude with the person benefited, must be regarded as established. The leading case upon this subject is *Pasley* v. *Freeman,* 3 Term Rep. 51. It is also found in 2 Smith's Leading Cases, part 1, page *66, to which is added an extended note, wherein all the English and American cases are grouped, and to which particular reference is made. The principle was first adopted and announced by this court in *Weatherford* v. *Fishback,* 3 Scam. 170, on the authority of the leading case of *Pasley* v. *Freeman,* and *Upton* v. *Vail,* 6 Johns. 181, *Barney* v. *Dewey,* 13 id. 224, *Young* v. *Covell,* 8 id. 23, *Foster* v. *Charles,* 6 Bing. 396, and *Corbett* v. *Brown,* 8 id. 33. And it was there said: "The fraud and the *scienter,* though the party had no personal interest in practicing it, seem to constitute the ground of the action,—the *gravamen* being the deceit, and the *scienter* the *gist* of the action." The same principle has been recognized in *Eames* v. *Morgan,* 37 Ill. 260, *Wheeler* v. *Randall,* 48 id. 182, *Hiner* v. *Richter,* 51 id. 299, *Merwin* v. *Arbuckle,* 81 id. 501, and other cases.

In discussing this instruction, the Appellate Court aptly said: "The ground of action is fraud and damage. There must be *scienter,* a misrepresentation, and a consequent loss. Fraud includes an intention to deceive. If there is no such

intention, the party honestly giving his own opinion, believing he is stating the truth, is not liable, though the statement be wholly untrue. Where, however, he knowingly states what is untrue, a fraudulent purpose must be inferred; and when the statement relates to the matter inquired of, and being relied on necessarily brings damage to the person so misled, he having no knowledge of its untruth, the action will lie."

But it is urged that this instruction is fatally defective because it ignores the principle that the plaintiff, before he can recover, must exercise ordinary prudence to guard against the deception and fraud practiced upon him, unless he has been thrown off his guard by the other party,—citing *Schwabacker* v. *Riddle*, 99 Ill. 343. We can not adopt the construction sought to be placed on the *Schwabacker case* by counsel, nor admit its application to this case. Counsel lose sight of the marked distinction, clearly recognized by the authorities, between the representations made by the vendor to the vendee, and those made by a third party. As between vendor and vendee, the general rule is, that false assertions respecting value are not actionable, upon the principle that value is, at most, an opinion, and the antagonistic position of the parties is sufficient to put the vendee upon his guard. The vendor may praise his property, and place a value upon it exceeding what he may know it to be worth, and try to induce its purchase on the basis of such valuation, without incurring liability as for deceit. But when he leaves the domain of judgment and opinion, and falsely asserts a fact, as, of quantity, grade, boundary, and the like, inducing reliance and action thereon by one, without knowledge of the falsehood, or the present opportunity or ability of verification, and under circumstances justifying belief, and damage results in consequence, the action will lie. The *Schwabacker case* was between vendor and vendee, and the representations were in respect of the amount of goods belonging to a firm, shown by an invoice and valuation by disinterested persons; and the doctrine of

that case is, that under such circumstances the plaintiff must not allow himself to be blindly credulous of a fact the means of verification of which was at hand and available to him. But the principle controlling where the relation of the parties is that of vendor and vendee, can have no application where the representation complained of, as in this case, is made by a third party as to the character and credit of another, or asserting another's solvency or reliability. The position of the parties is not antagonistic,—rather one of confidence. In such case, if the material representation is knowingly falsely made to one ignorant of its falseness, under circumstances justifying a reasonably prudent man's belief, and it is believed and acted upon with consequent injury, an action therefor will lie; and this we understand to be in harmony with the current and weight of American decisions where the doctrine of *Pasley* v. *Freeman* has been accepted.

It may therefore be laid down as a general proposition, deduced from a consideration of all the authorities, that where the representations relate to a material fact within the knowledge of the person making them, or which he assumes to assert upon his personal knowledge, and with respect to which the person to whom the representations are made has not the present opportunity or ability to test or verify, the latter has a right to rely upon such representations, and in the absence of facts apparent to reasonably arouse suspicion and throw doubt upon the truth of the statements, he is not bound to go further and make inquiries in respect thereof.

Applying these principles to the instruction under consideration, and in view of the facts disclosed by the evidence, the law of the case was stated with substantial accuracy. Endsley knew Kimlin's financial condition,—knew that he had no money in the Kansas bank,—knew that Johns was ignorant of Kimlin's insolvency,—and yet, by his representations, he induced Johns to part with his property and deliver its possession to him for Kimlin, and to accept a worthless

31—120 ILL.

check in payment therefor. Under such circumstances, Johns had a right to rely upon Endsley's statement that the check was good, and would be paid, and to act upon it as he did.

Finding no error in the record, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*