## Charles W. Potter v. Edward E. Potter.

1. FALSE REPRESENTATIONS—*Action for Deceit.*—When one knowingly makes an untrue statement with regard to anything then existing, or which has previously occurred, material to the matter in hand, and he to whom it is made, not knowing its untruth, relies upon it and sustains damages, the person making such false statement is liable for the damages accruing to the party injured.

2. FRAUD AND DECEIT—*Grounds of Action.*—The grounds of the action for deceit is fraud and damage. There must be a *scienter*, misrepresentation and consequent loss. As between vendor and vendee, false representations respecting mere value are not actionable: but when the vendor leaves the domain of judgment and opinion and falsely asserts a material fact, and induces reliance thereon by one without knowledge of the falsehood, and without the present means or opportunity of investigation, and under circumstances justifying belief, he is liable for damages occasioned thereby.

**Trespass on the Case,** for deceit. Appeal from the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Judge, presiding. Heard in this court at the November term, 1895. Affirmed. Opinion filed May 16, 1896.

RICHARD YATES and MORRISON & WORTHINGTON, attorneys for appellant.

WM. A. CRAWLEY and GEO. W. SMITH, attorneys for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

In an action on the case for deceit the appellee recovered a verdict and judgment thereon against appellant for

$1,125. The fraudulent conduct alleged was in reference to the sale of an undivided one-third interest in a patent for an improvement in fence posts, in and for the territory of the State of Kansas. For such interests the appellee gave the appellant his promissory note for $2,000 due in one year, and the note having been assigned before maturity, the appellee was compelled to pay it to the assignee.

The deceit charged was, in short, that the appellant represented that he had already sold one county in Kansas for $1,500, another for $500, and that he had also sold certain quantities of the posts for sums mentioned, of all which the appellee was to have one-third, and further that he would take the appellee to Missouri and pay him a commission on sales to be made there—when in truth no such sales of the patent or of the posts had been made, and the appellant made said representations with the intent to mislead and deceive the appellee, who, relying upon the truth of the statements, was thereby induced to buy said interest.

This transaction occurred in Morgan county, Illinois, the home of appellee, who was a cripple, in poor health, and who could not travel or go about without personal assistance.

The appellant has made numerous assignments of error, but in his brief he relies wholly upon a discussion of the facts which he insists do not sustain the verdict, with the additional complaint that the crippled condition of the appellee was unduly paraded before the jury and was an effective make-weight which contributed substantially to the result.

Just what the appellee's affliction was does not very clearly appear, but we infer it was something so serious as to render him quite helpless, making the services of an attendant indispensable, but that with such assistance he was able to go from place to place and to transact such business as that of a salesman or solicitor. Incidentally the physical misfortune of the appellee may have been very often referred to and suggested during the trial but we find nothing in the record from which we can say that this consideration was unfairly made use of to help out a case otherwise too weak to secure a verdict.

The jury were instructed that in order to recover, the plaintiff must rely upon false and fraudulent statements as to what had already transpired, or was then alleged to exist, and not upon any statements or representations as to what would happen or exist in the future, and so the jury were advised that the false promise to give the plaintiff employment in making sales in Missouri was not a ground upon which this action for fraud and deceit could rest.

Whatever right the plaintiff had in that respect might be enforced only by the appropriate remedy for a breach of contracts. Gage v. Lewis, 68 Ill. 604; Day v. Fort Scott, I. & I. Co., 153 Ill. 293.

When, however, one knowingly makes an untrue statement with regard to anything then existing or having previously occurred, material to the matter in hand, and he to whom it is made, not knowing its untruth, relies upon it and sustains the damage, the person so making such false statement is liable for the damages accruing to the party injured. The ground of action is fraud and damage. There must be *scienter*, misrepresentation and consequent loss. As between vendor and vendee, false representations respecting mere value are not actionable; but when the vendor leaves the domain of judgment and opinion and falsely asserts a material fact, and induces reliance thereon by one without knowledge of the falsehood and without the present means or opportunity of investigation, and under circumstances justifying belief, he is liable for damages thereby occasioned. Ladd v. Pigott, 114 Ill. 467; Endsley v. Johns, 120 Ill. 469.

Counsel insist that it does not appear from the weight of the evidence that appellant was guilty of the fraud charged or that the appellee relied upon the alleged misrepresentations, and that whatever loss the latter sustained was due to his failure and omission to lend his ability and experience to the enterprise.

An extended argument upon the facts has been presented, and we have given the matter a careful examination, with the result that there appears no sufficient reason for setting aside the conclusion reached by the jury. While there is

sharp conflict in the proof there is enough evidence to sustain the material averments of the declaration. It was, of course, a question of credibility in the main, and the jury were forced to determine whom they would believe. Hence, unless the verdict is manifestly opposed to the preponderance of the evidence the trial court could not interfere nor can this court.

Where there is no substantial conflict and when the verdict is opposed to the legal and logical purport of the proof, or where there is conflict, but the verdict is against the decided weight of the proof, a new trial may be awarded, but we find no such case here. If the jury believed the testimony adduced on behalf of the appellee they might well find the issue for him, notwithstanding the proof offered in opposition.

As to the proposition that the appellee might have recouped a part or all of the damages caused by the alleged fraud, had he gone to Kansas and Missouri to push the sale of the patent or the patented article, it may be answered that according to his testimony the appellant was to take him to the latter State; that this was in view of his helpless condition which was well known to the appellant, and that this agreement was broken by the appellant. However this was, if the appellee was cheated and misled as alleged and thereby damaged, he had his cause of action, and it was for the jury to fix the amount of his damages in view of all the evidence before them.

In considering the whole case it is not apparent that the sum awarded is excessive.

The loss to the appellee, situated as he was, and was known to be, might be greater than to a man in different physical condition.

It does not appear that the jury were arbitrary or passionate, but believing that the appellee was right they assessed the award at a figure which seems not unreasonable in view of the evidence.

The judgment must be affirmed.