Littleeord, J.
The relator in his petition alleges that an act of the General Assembly of Ohio was passed April 15, 1904 (97 O. L., 131; Rev. Stat., Sections 4875-1, et seq.), requiring the board of county commissioners of Hamilton county, Ohio, upon a petition signed by more than 150 electors of Hamilton county, to take proceedings to buy all the toll roads within Hamilton county and maintain them as free turnpikes. The price to be paid was not to exceed the sum of $3,000 per mile for each toll road.
The relator further says that the Columbia & New Richmond Turnpike and Bridge Company was the owner of the New Richmond pike, one of the toll roads within Hamilton county to be purchased by the board of county commissioners; that the turnpike company fixed the purchase price on its toll road at the sum of $11,952.50, for which it was willing to sell the road to the county commissioners; that the defendant, Charles F. Dolle, well knowing the price fixed by the company, nevertheless represented to the county commissioners that the turnpike company would not sell its road at a price less than $20,490; that the said Charles F. Dolle made this representation to the commissioners with the intent to deceive said board; that said board should be influenced thereby and should act upon the same; and that said board of county commissioners, .believing the defendant’s statement and relying upon it, purchased the road for the sum of $20,940.
The relator further says that the defendant demanded this $20,940 and received the same out of the county treasury of Hamilton county; that defendant paid to the turnpike company the sum -of $11,952.50; and that the defendant withheld and still withholds from the treasurer of Hamilton county the sum of $8,537.50, the excess above the amount for which the owner was willing to sell the toll road and which it in fact received for the same.
Upon these averments the relator prays judgment against the defendant, Charles F. Dolle, in the sum of $8,537.50. To this petition the defendant has filed a general demurrer.
This is an action for deceit. In order to make out a case of this kind it must appear that the defendant has made a false *250 representation of a material fact; that he made the same with the knowledge of its falsity; that the plaintiff was ignor.ant of its falsity and believed it to be true; that it was made with the intent that it should be acted upon-; and that it was acted upon by the plaintiff to his damage. Bigelow, Torts, chap. 1, page 2.
According to the averments of the petition all of these elements of an action for deceit were present in the transaction set forth. It would take too much space to point this out at length, but at least one point made in defendant’s brief will be noticed. The defendant in his brief says that bad faith is not alleged in this action, and claims that this element of an action for deceit is lacking. The petition alleges that defendant made false representations to the county commissioners “with the" intention to deceive said board.” This is an allegation of bad faith.
In most actions for deceit practiced in sales the representation claimed to be false or fraudulent is made by the vendor himself to the vendee; while in this case it was made by a third party. In such a case does the vendee have an action against the third party ?
The first case in the reports in which this question was raised is Pasley v. Freeman, 3 Term., 51, also found in 2 Smith’s Lead. Cas. (pt. 1), 60, with extensive notes. This was a case where Freeman persuaded Pasley to sell sixteen bags of cochineal to Flach by representing that Flach was a person “safely to be trusted and given credit to.” The opinions of the different members of the court are given in full-. One of the judges, Groes, J., thought the declaration failed to set forth a cause of action, because on its face there was no privity of contract between plaintiff and defendant. . He said that there was no precedent for such an action, and that he had not met with, in any of the reports, an action upon a false affirmation except against a party to the contract. The other judges, including. Lord Kenyon, C. J., differed from him, and held that to maintain an action for deceit it is not necessary that the defendant should .be benefited by the deceit, or that he should collude with the person who is.
The _ case at bar is, if anything, stronger than- Pasley v. Freeman, supra, because here the defendant is alleged to have re *251 ceived the money out of which it is claimed he cheated the plaintiff, although it is not alleged that there was any collusion between him and the turnpike company. However, under Pasley v. Freeman, supra, which has been followed in a number of cases since, the defendant can not escape liability on the ground that he was not a party to the contract between the turnpike company and the county commissioners.
Another question to be determined in the case is, whether or not the defendant had the legal right, in helping along a sale of real estate, to make such a false statement as is alleged'in the petition — that is, that the owners of the pike would not sell under a certain figure.
The owner of property when undertaking himself to sell it has the privilege of indulging’in “seller’s praise” even to the point of willful falsity. To quote from the opinion of Hubbard, J., in Medbury v. Watson, 47 Mass., 246, 259, a leading case:
“When therefore a vendor.^of real estate affirms to the vendee that his estate is worth so much, that he gave so much for it, that he has an offer of so much for it, or has refused such a sum for it, such assertions, though known by him to be false and though uttered with a view to deceive, are not actionable. ’ ’
But the authorities all agree that a third party who undertakes to bring about a sale of real estate does not have the same privilege with regard to misrepresentations as does the owner of the property. It is stated in G-rinnell, Deceit, Section 21, that — ■
“A third party who makes false averments about property with the intent to defraud the vendee may be liable to him for deceit notwithstanding the fact that the same representations with the same intent would not render the vendor liable if he should make them; for instance, about the price paid by the vendor. In such a ease the distinction is, that the buyer is aware of the seller’s disposition to put a high estimate on his property, but is more apt to be misled by a third party’s apparent disinterestedness or friendliness. ’ ’
The same doctrine is laid down in Medbury v. Watson, supra, and in Endsley v. Johns, 120 Ill., 469.
The fact that the defendant in the case at bar became the agent of the turnpike company by ratification does not cut any figure in determining the case. When the turnpike company *252 accepted the sum of $11,952.50, which the defendant gave to it as the consideration money for the pike, it ratified his agency to sell the pike for that amount, but it did not thereby ratify the false representations alleged to have been made to the county commissioners. In this part of the transaction, therefore, the defendant came in merely as an outsider. In that character his liability must be determined.
L. A. Ireion, W. M.-Schoenle and G. 0. Hose, for relator.
G. F. Bolle, contra.
The demurrer is overruled.