[Civ. No. 8034. First Appellate District, Division Two.—July 28, 1932.]

P. L. NESS, Respondent, v. ELLIS T. TIMM et al., Defendants; J. JESPERSEN, Appellant.

Edward S. Bell for Appellant.

J. W. O'Neill for Respondent.

NOURSE, P. J.—Plaintiff sued to recover money alleged to have been paid to the defendants through fraud and deceit. He had judgment for $2,503.10 and the defendant Jespersen alone has appealed.

The complaint alleged that the money was paid upon the defendants' representations that they would organize a corporation for the manufacture and sale of candy and give plaintiff one-half the stock; that the defendants were then engaged in the candy business in which they represented they had each invested $2,500; that the cash on hand of said business exceeded the liabilities; that said business was equipped to manufacture and sell 600 pounds of candy a day and had customers ready to buy that amount; and that defendants then had in mind another man who was willing to invest $10,000 in said business. The trial court found that all these representations were untrue; that plaintiff believed and relied upon them to his injury, and that defendants knew that they were untrue.

On this appeal the sole ground urged by appellant is that the evidence is insufficient to support these findings. All the arguments advanced by appellant would be pertinent if addressed to the trial court, but they are of no force here because in each instance the record discloses that there is some substantial evidence in support of the finding made. This point is emphasized when we bear in mind that it is not necessary for the plaintiff to prove every item of false representations alleged but that he can recover upon proof of one. Here the evidence as to the representations relating to the amount of money invested in the business by the defendants and that relating to the financial condition of the business is so clear and so free from substantial conflict that it alone is sufficient to support the judgment.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.