[Civ. No. 8084. Second Appellate District, Division Two.—December 29, 1933.]

MARY E. BAILEY, Respondent, v. YOSEMITE PORTLAND CEMENT CORPORATION (a Corporation), Appellant.

F. H. Pearson for Appellant.

Adolph B. Rosenfield for Respondent.

CRAIG, J.—From a judgment rendered in favor of the plaintiff the defendant appealed, assigning certain findings of fact as unsupported and erroneous.

The plaintiff alleged that the defendant and its agents intending to deceive and defraud her represented that said company was earning dividends of eight per cent, that its stock was worth and was selling generally on the market for $10 per share, that its stock would be listed by it upon the stock exchanges and would for said reasons be worth on a stated date $15 per share. The trial court found that said defendant did by and through its agents represent that said stock "was selling on the market at $10.00 a share and that the said corporation was actually earning 8% dividends" at said times. It is contended that the evidence was insufficient to justify a finding of representations that said stock "was selling on the market for $10.00 per share", and that the further finding of a representation

"that the said corporation was actually earning 8% dividends on said stock at said times" was outside the issues.

The latter finding would seem to amount to no more than an interchanging of words used in the complaint to express the same representation and intent. By a deposition of the plaintiff taken on behalf of the defendant pursuant to stipulation, in response to questions propounded by the defendant's counsel, she testified, among other things, that when representatives of the corporation importuned her to purchase said stock she was informed that "my 8% would commence from the date of the issue of the stock. He told me I had better make a reservation for more shares, as the stock was selling fast and would soon be sold out"; "he told me I would receive my interest from the date of the issue of the stock, that it was actually sold on the market for $10 per share"; "that the stock, the present stock at $10 per share was nearly all sold; that they had only a small share of it left and the first of August it would be listed and put on the market and sold at $15 per share at the regular price"; "yes, I am sure, because I had them explain fully what they meant, and he said it is not listed now, . . . It would not be listed until the 1st of August, and stock would be sold out by the last of the month, meaning August"; "Q. He said he thought by the 1st of August they would have sold all the stock? A. He said he knew." In other jurisdictions it has been held that the plaintiff may treat allegations of misrepresentations as divisible and may succeed if he can prove any one of them which of itself makes a cause of action, but that "it is also true that the plaintiff might recover although he did not prove the misrepresentations precisely as laid (*Ladd* v. *Pigott,* 114 Ill. 647 [2 N. E. 503]), nor in all the different forms as laid; but it was required of him to prove substantially the material allegations". (*Endsley* v. *Johns,* 120 Ill. 469 [12 N. E. 247, 60 Am. Rep. 572].) In *Gray* v. *Sanborn,* 178 Iowa, 456 [159 N. W. 1004], the question of variance was presented upon appeal from a judgment based upon an alleged misrepresentation of real property. The rule was there stated as follows: "Plaintiff properly pleaded the representations and statements claimed to have been made to him regarding the lands; but he was not required to prove them *verbatim et literatim.* He was

required to prove representations which were substantially the same as those alleged; that is, statements having the same general meaning and effect. (*Endsley* v. *Johns*, 120 Ill. 469 [12 N. E. 247, 60 Am. Rep. 572]; *Fisher* v. *Mellen,* 103 Mass. 505.) The law does not require that one prove the representations precisely as alleged. All that he need do is to prove the substance and material parts of such representations. The proof was, we think, within these rules. Aside from this, however, it is not a case of failure of proof of a cause of action, but merely a variance between the allegations and the proof. A failure of proof exists only where no cause of action is proved, while a variance exists when a cause of action is proved which is not alleged." The statute upon which the foregoing decision was founded was similar to section 469 of the California Code of Civil Procedure, which reads as follows: "No variance between the allegation in a pleading and the proof is to be deemed material, unless it has actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits. Whenever it appears that a party has been misled, the court may order the pleading to be amended upon such terms as may be just." It cannot be said that there was a complete failure of proof of a cause of action, nor that there was proof of a cause of action which was not alleged. In such case it has been held in this state that: "All the arguments advanced by appellant would be pertinent if addressed to the trial court, but they are of no force here because in each instance the record discloses that there is some substantial evidence in support of the finding made. This point is emphasized when we bear in mind that it is not necessary for the plaintiff to prove every item of false representations alleged but that he can recover upon proof of one." (*Ness* v. *Timm*, 125 Cal. App. 135 [13 Pac. (2d) 844].)

The judgment is affirmed.

Stephens, P. J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 26, 1934.