This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRENDA LYNN VAN DEN BRINK,**

Petitioner-Appellant,

v.                                                            **NO.**  29,764

**JOHN ROBERT VAN DEN BRINK,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Gerard J. LaVelle, District Judge**

Brenda Lynn Van Den Brink
Albuquerque, NM

Pro Se Appellant

Barnett Law Firm, P.A.
Sanford H. Siegel
Albuquerque, NM

for Appellee


**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Petitioner seeks to appeal from an order substantially adopting the recommendations contained in an advisory report. We issued a notice of proposed summary disposition, proposing to dismiss the appeal for want of a final order. Petitioner has filed a memorandum in opposition, and Respondent has filed a memorandum in support. After due consideration, we remain unpersuaded that this matter is properly before us. We therefore dismiss.

As we explained in the notice of proposed summary disposition, the right to appeal is generally restricted to final judgments and decisions. *See* NMSA 1978, § 39-3-2 (1966); *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234-40, 824 P.2d 1033, 1036-42 (1992). Whether an order is a final order, such that an appeal is statutorily authorized, is a jurisdictional question that this Court is required to raise on its own motion. *Khalsa v. Levinson*, 1998-NMCA-110, ¶ 12, 125 N.M. 680, 964 P.2d 844. "[F]or purposes of appeal, an order or judgment is not considered final unless all issues of law and fact have been determined and the case disposed of by the trial court to the fullest extent possible." *B.L. Goldberg & Assocs., Inc. v. Uptown, Inc.*, 103 N.M. 277, 278, 705 P.2d 683, 684 (1985).

As we previously indicated, the order from which Petitioner seeks to appeal does not resolve the underlying issues to the fullest extent possible. To the contrary, the question of child support, which was clearly and repeatedly raised below in conjunction with the underlying custody dispute, [RP 183, 251, 385-86] remains

unresolved. [RP 291-93, 368-70] Under such circumstances the district court's order cannot be regarded as final, *see generally Khalsa*, 1998-NMCA-110, ¶ 17 (observing that, in the context of domestic relations litigation, a final order is not rendered until all issues raised by the pleadings have been resolved), and we cannot hear the appeal. *See id.* ¶ 12.

In her memorandum in opposition, Petitioner asserts that the issue of child support "is not relevant," but simultaneously recognizes that resolution of the pending child support issue is directly related to the custody and timesharing issues. [MIO 1] In light of the clear relationship between the resolved and unresolved issues, we reiterate that the underlying order is not appealable. *See, e.g., Gutierrez v. Gutierrez*, 116 N.M. 86, 86-87, 860 P.2d 216, 216-17 (Ct. App. 1993) (concluding that an underlying order was not final, and therefore dismissing the appeal, where a request for child support had yet to be addressed by the district court).

Petitioner also suggests that judicial economy will not be served by the dismissal of her appeal. [MIO 1] We disagree. *See generally Handmaker v. Henney*, 1999-NMSC-043, ¶ 7, 128 N.M. 328, 992 P.2d 879 ("The principle of finality serves a multitude of purposes, including the prevention of piecemeal appeals and the promotion of judicial economy."); *Kellewood v. BHP Minerals Int'l*, 116 N.M. 678, 681, 866 P.2d 406, 409 (Ct. App. 1993) ("It is well-established policy that piecemeal

2

appeals are disfavored . . . and that fragmentation in the adjudication of related legal or factual issues is to be avoided.").

Accordingly, for the reasons stated above and in our notice of proposed summary disposition, this appeal is DISMISSED.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**CELIA FOY CASTILLO, Judge**