The judgment must be affirmed.

*Judgment affirmed.*

The St. Louis, Vandalia & Terre Haute Railroad Company

*v.*

Michael Mollet.

1. Assessment of damages *for right of way for a railroad—what are proper subjects therefor.* All injuries which are appreciable, and which result to the owner of land from the construction of a railroad over the same, are legitimate subjects in the estimation of damages, in a proceeding for condemning the right of way.

2. If fruit trees, which are upon the land taken, were not included in the damages for the land itself, they may properly be the subject of a separate assessment.    The mode of assessment is immaterial, so that the damages are assessed fairly and truly.

3. So, where ditching the adjacent land becomes necessary by reason of embankments thrown up for the road, the expense thereof is a proper element to be considered in assessing the damages.

4. But cattle guards are not proper subjects for such an assessment, because they could enter into the estimate only on the hypothesis that the proprietor of the land may construct them, which he would have no right to do, except by permission of the company.

Appeal from the Circuit Court of Monroe county; the Hon. Silas L. Bryan, Judge, presiding.

This was a proceeding by the railroad company to condemn the right of way for its road over the land of Mollet. Damages were assessed, and a judgment rendered therefor, from which the company appealed.

Mr. John Scholfield, for the appellants.

Messrs. Hay & Knispel, for the appellee.

Per Curiam :   As the judgment must be reversed, we shall not discuss the sufficiency of the evidence as to the title of the claimant to the land proposed to be condemned, nor the excessive character of the damages, as claimed. The deficiency, if it exist, can be supplied by proof; and as to the other, we shall not forestall the action of the jury, upon another trial.

It is, however, contended that the apple trees, the ditching and the cattle guards were not proper subjects for the assessment of damages.

If the apple trees destroyed, and the expense for ditching, or either of them, were included in the general estimate for damages to the land, then there should be no separate assessment, as to them. The trees were upon the land taken for the right of way, and their use destroyed, according to the evidence. If they were not included in the damages for the land taken, they might properly be the subject of a separate assessment.

The mode of assessment is wholly immaterial, so that the damages are assessed fairly and truly.

It is true, that railroad companies are under no obligation to ditch land over which the road runs, but the necessity and expense of ditching can be determined in this proceeding as well as afterwards.

The assessment of damages for ditching, in this case, does not necessarily anticipate an injury. The road had been constructed, the embankments made, and persons acquainted with the topography of the land could observe and appreciate the necessity for ditching, at the present time, as well as in the future.

All injuries, which are appreciable, and which result from the construction of the road, are legitimate subjects in the estimation of the damages. *A. & S. R. R. Co.* v. *Carpenter,* 14 Ill. 191. If, by the erection of embankments, land is submerged, and rendered unfit for use and cultivation, the injury can readily be appreciated.

The estimate for cattle guards must be based upon the hypothesis that the proprietor of the land may construct them. After the company has obtained the right of way, and the consequent right of operating its road, these rights must be maintained. Their protection is essential to the enjoyment by the company of its franchises, and to the security of the public. The owner of the adjoining land can not be permitted, without the consent of the company, to do any act which may obstruct the road. The construction of cattle guards under a railroad track is an obstruction to the free use of the right of way. *A. & S. R. R. Co.* v. *Baugh,* 14 Ill. 211.

The judgment is reversed and the cause remanded.

*Judgment reversed.*