SAMUEL C. CONWELL

*v.*

THE SPRINGFIELD AND NORTHWESTERN RAILROAD CO.

1.  RIGHT OF WAY—*effect of release on claim for damages.*  Where a party executes a contract with a railway company, agreeing to release and convey a right of way for its road over any lands owned by him, as soon as the road is located, he will not be entitled to any damages by the construction of the road over any of his lands.

2.  PAROL EVIDENCE—*to explain written contract.*  Where parties reduce their contract to writing, the law presumes that the whole terms and conditions of the agreement are fully incorporated in and become a part of the written contract, and parol evidence is inadmissible to explain or vary its legal effect.

3.  Where a party agrees to release the right of way for a railroad over any of his lands in a county, parol evidence can not be received to show that it was expected the road would be located by a different route over other lands of the party.

4.  RELEASE—*of right of way.*  Where a party executes a release of right of way over any of his lands for a railroad, he can not avoid the same as to a particular tract, on the ground he had at the time given a bond for a deed to such tract where there is no proof made of the payment of any of the purchase money.  And if any payment had been made, that fact would not show he had no interest to release.

APPEAL from the Circuit Court of Mason county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. DEARBORN & CAMPBELL, for the appellant.

Mr. A. ORENDORFF, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a proceeding instituted in the circuit court of Mason county, by The Springfield and Northwestern Railroad

Company, against appellant, Samuel C. Conwell, and James F. Kelsey and George W. Cogshall, to condemn certain lands for the right of way.

The east half of section 31, township 21 north, range 8 west, in Mason county, was embraced in the petition, and was owned by appellant and James F. Kelsey, undivided.

After the original petition had been filed, and before the cause was tried, the railroad company filed an amendment to the petition, in which it was substantially alleged, that defendant, Conwell, claims to have some interest in some of the land in controversy; that said Conwell on the first day of September, A. D. 1870, made and executed to the petitioner, a full and complete agreement to release the right of way over and across all the land owned by him in the county of Mason, thereby agreeing to convey to petitioner the right of way over all said lands as soon as the road is located, and for the consideration of one dollar to him paid by the petitioner; that said Conwell now claims a right to damage for and by reason of the petitioner having located their line of road over and across said land; prays, as before, that the claim of said Conwell be referred to the jury herein empanneled, and determine the question as to the right to damage, and assess the amount of the same, if any, etc.

On the trial of the cause, damages were awarded to Kelsey and Cogshall, but under the instructions of the court no damages were allowed Samuel C. Conwell, and he alone has prosecuted this appeal.

Several questions have been raised by appellant, and argued, for the purpose of reversing the judgment, but in the view we take of the record, it will only be necessary to consider the release offered in evidence by appellee, and the instructions of the court upon it, as the release will be conclusive upon appellant's right of recovery.

On the trial, appellee read in evidence a release executed by appellant, as follows:

"Know all men by these presents, that I, S. C. Conwell, of the county of Mason, and State of Illinois, in consideration of

one dollar, to me in hand paid by the Springfield and North-western Railroad Company, the receipt of which is hereby acknowledged, do hereby agree to release and convey unto the said company, the right of way for the said railroad over my lands, owned by me, in Mason county, Illinois, and to execute and deliver to said company a proper release and conveyance of the same, as soon as said road is located.

"In witness whereof, I have hereunto subscribed my name, and affixed my seal, this 1st day of September, A. D. 1870.

Witness, outside of Havana, not }
to include any town property.  }          S. C. CONWELL, [SEAL.]"

The court, upon the request of appellee, gave this instruction to the jury:

"You are instructed that the release read in evidence, given by Conwell, releases all his damages which might otherwise have accrued by means of the construction and operation of the road over his land, and he will be entitled to no damages, and the jury will so find."

It is urged that when the release was executed the railroad company had in contemplation two routes for the location of the road, one, known as the Miller Ferry route, and the other where the road was finally located; that appellant owns lands on the Miller Ferry route, and this release was only intended to embrace the lands of appellant on that route.

Resort can not, however be had to parol evidence to explain, vary or change the terms of the contract signed by appellant.

Where parties reduce their contract to writing, the law presumes that the whole terms and conditions of the agreement are fully incorporated in and become a part of the written instrument. There is no ambiguity in the contract; its terms and meaning are clear and explicit.

By the terms of the contract appellant released to the railroad company the right of way in any and all lands by him owned in Mason county, outside of Havana, whenever the road should be located; and it was his duty, under the contract,

when the road was located, to execute and deliver to the company a proper release or conveyance.

It is, however, claimed that appellant, at the time of the execution of the release, did not own the land in controversy, and hence the release did not affect it; and for the purpose of establishing this position the appellant, on the trial, testified in substance as follows:

At the time the release was executed one Kent had a bond for a deed from Kelsey and himself for the half section of land, and was in possession.

The bond was never recorded, and in about eighteen months Kent failed to pay for the land, and delivered up the bond, and it was canceled and destroyed. The bond provided for a deed upon the payment of the purchase money.

It does not appear from the evidence that Kent ever paid any portion of the purchase money, or that he even had the right of possession under the terms of the contract. But if it be conceded that Kent had a bond for a deed, and had the equitable title to the premises, and the legal title remained in appellant and Kelsey, yet, as Kent's title was forfeited subsequently for a failure to pay the purchase money, we do not perceive how the mere fact of the existence of the bond when the release was executed, will help appellant's case.

It is conceded that appellant owned the legal title to the premises. Suppose, at the time he executed the release, in lieu of that he had conveyed by deed the right of way to the railroad company, when Kent afterwards failed to pay, and forfeited the contract, it is a proposition that can not be successfully controverted, that, in that event, the railroad company would have had both the legal and equitable title to the premises.

If appellant had the legal title, he had an interest susceptible of sale and conveyance; he was, in one sense, the owner of the land, and if he owned the land, then the release took effect upon it. The facts here are not like those in *Hamilton* v. *Doolittle*, 37 Ill. 473, and the rule there announced has no application to this case.

Under the facts presented by this record, as it does not appear that Kent had paid any portion of the purchase money, or even had the right of possession by the contract of purchase, and the legal title remained in appellant, he must be regarded the owner, so far at least as his rights and those of appellee are concerned. The release, therefore, was a complete bar to a recovery, and the instruction of the court was proper. This view of the facts contained in the record renders the discussion of other questions unnecessary.

The judgment will be affirmed.

*Judgment affirmed.*