## ST. LOUIS, VANDALIA & TERRE HAUTE RAILROAD CO.
### v.
### NICHOLAS HURST.

1. EVIDENCE—DEED GRANTING RAILROAD RIGHT OF WAY, ETC.—DAMAGE BY DIGGING DITCH.—An action brought by appellee against appellant, a railroad company, for damages caused by the latter opening a ditch along its track, by which the natural channel and flow of water was so changed as to cause the same to flow upon appellee's land to his damage, etc. *Held*, that it was error for the court to refuse to allow appellant to introduce in evidence a deed of land for the location of the railroad given by appellee to appellant which gave appellant such rights in appellee's land as it might and could have acquired by regular condemnation proceedings, and an immunity from all damages that appellee might have claimed in such a proceeding. For if the ditching complained of was a necessary incident of the construction and maintenance of appellant's road, the release in this deed would operate as a complete bar to any action therefor. The court is of opinion that before appellee can recover damages from appellant it must appear that appellant's acts amount to a departure from or were not embraced within the purposes for which the release was made.

2. SAME—STATUTE OF LIMITATIONS.—Where to the plea of the Statute of Limitations, appellee replied in effect, admitting the acts complained of were done more than five years before the .commencement of the suit, yet he ought not, on that account, to be barred of his action because the wrongs complained of constituted a continuing injury up to the time of suit brought. *Held*, that by joining issue and going to trial upon this replication, the acts of appellant at and from the time of the construction of the road in so far as they had a tendency to divert the water from its natural tendency and to precipitate it upon appellee's land, were thrown open for investigation before the jury, and it was the right of appellant to have the verdict limited by the damages not covered by the release. For this purpose the deed was proper evidence, and should have been admitted.

APPEAL from the Circuit Court of Clark county; the Hon. J. W. WILKIN, Judge, presiding. Opinion filed February 5, 1884.

Mr. JOHN G. WILLIAMS and Messrs. GOLDEN & WILKIN, for appellant; as to what a deed of land to a railroad company for its location is presumed to include, cited Pierce on Railroads, 133; Norris v. Vt. Cent. R. R. Co., 28 Vt. 99; Rood v. N. Y. & E. R. R. Co., 18 Barb. 80; Hortsman v. L. & C. R. R. Co., 18 B. Mon. 218; St. L., V. & T. H. R. R. Co. v Mollett, 59 Ill. 235; St. L. & S. E. Ry. Co. v. Teters, 68 Ill. 144; Conwell v. S. & N. W. R. R. Co., 81 Ill. 232.

In construing a grant, when anything is granted all the means to attain it and all the fruits and effects of it are granted also: Babcock v. West R. R. Co., 9 Met. 553; Liford's Case, 11 Rep. 54; Howton v. Frearson, 8 T. R. 56; Cent. R. R. Co. v. Valentine, 5 Dutcher, 561.

Messrs. WHITEHEAD & JONES, for appellant; cited T. W. & W. Ry. Co. v. Morrison, 71 Ill. 616; Nevins v. City of Peoria, 41 Ill. 502; City of Aurora v. Reed, 57 Ill. 29; City of Pekin v. Brereton, 67 Ill. 477; Gillham v. Madison Co. R. R. Co., 49 Ill. 485; Gormley v. Sanford, 52 Ill. 158; St. L., V. &. T. H. R. R. Co. v. Capps, 72 Ill. 188.

McCULLOCH, P. J.    The declaration in this case alleges that appellee is the owner of certain land through which appellant's railroad runs; that the defendant, by its agents and employes, went upon the land immediately west of and adjoining and on the land of appellee, and opened a deep ditch along its track for a great distance west of appellee's land, and thence eastward to a point opposite the same and on appellant's right of way, and caused said ditch to open into his said land outside of said right of way, and in doing so changed the natural channel and flow of water so as to cause the same to flow upon the land of appellee, to his damage, wherefore he brings suit, etc.

To this declaration appellant interposed three pleas: First, not guilty.    Second, the Statute of Limitations of five years. Third, a release of the damages sued for.

To the plea of the Statute of Limitations appellee filed two replications: first, that the cause of action did accrue within

five years; second, that the wrongs complained of in the declaration constituted a continuing wrong to appellee up to the time of the bringing of the suit. To the third plea appellee replied that he had not released the damages sued for.

On the trial of the cause appellee called several witnesses whose testimony tended to prove the facts alleged in the declaration and the damages resulting therefrom. On the part of appellant, witnesses were called whose testimony tended to show that at the place of the alleged injury there was a natural drain for at least a portion of the water complained of, and that some of it flowed there through the ditches made by appellant along the sides of its track for drainage purposes.

Appellant then proposed to introduce a deed from appellee to appellant, dated July 30, 1868, whereby for divers considerations therein mentioned, appellee granted to appellant the right of way one hundred feet in width for so much of appellant's railroad as might pass through the lands where the injury is alleged to have occurred, and whereby he released and relinquished all claim for damages by reason of the location and completion of said railroad through or upon any part of the same. To the introduction of this deed in evidence appellee objected, and the court sustained the objection, to which ruling appellant in apt time excepted, and now assigns the same as error in this court.

The object of this deed was evidently to relieve appellant from the necessity of taking the necessary proceeding at law to condemn the right of way through appellee's lands, which appellee, in consideration of the benefits to accrue to himself and the public from the construction of its railroad, was willing to grant without any other compensation. The deed will therefore receive such construction as will give it the effect intended, namely, to give appellant such rights in appellee's lands as it might and could have acquired by regular condemnation proceedings, and an immunity from all damages that appellee might have claimed in such a proceeding. Such assessment might have included all such damages as would result to appellee from such acts of appellant as were reasonably necessary and proper in the construction, maintenance and

operation of the railroad according to the plans then in contemplation, if any such existed, or according as the topography of the land through which it ran might render necessary and proper. J. & S. R. R. Co. v. Kidder, 21 Ill. 132; St L., J. & C. R. R. Co. v. Mitchell, 47 Ill. 165. And what are the proper elements to be considered in assessing damages must depend upon the circumstances of each particular case. In the Kidder case, *supra*, the plan of the road with reference to a way underneath the track for the passage of the owner's stock to and from a spring, was considerd a very material element. In the Mitchell case, *supra*, the cost of building and maintaining a fence along the right of way was a proper element. In St. L., V. & T. H. R. R. Co. v. Mollett, 59 Ill. 235, fruit trees on the land and ditching on adjacent lands were considered. In St. L. & S. E. Ry. Co. v. Teters, the danger of killing stock, and of the escape of fire, were regarded as proper to be considered. For all such damages as resulted from and were incident to the construction, operation and maintenance of appellant's railroad, having due regard to appellee's interests, the release was a complete indemnity. Conwell v. S. & N. W. R. R. Co., 81 Ill. 232. If the ditching complained of, whereby the waters for some distance along the track were gathered together at the culvert on the right of way through appellee's land, and the discharge of the same at the place complained about were necessary incidents of the construction and maintenance of appellant's road, then the release would operate as a complete bar to any action therefor.

To the plea of the Statute of Limitations, appellee replied in effect, that admitting the acts complained of were done more than five years before the commencement of the suit, yet he ought not on that account to be barred of his action, because the wrongs complained of constituted a continuing injury up to the time of suit brought. By joining issue and going to trial upon this replication, the acts of appellant at and from the time of the construction of the road in so far as they had a tendency to divert the water from its natural course and to precipitate it upon appellee's land, were thrown open for investigation before the jury. It was the right of appellant to

have the verdict limited by the damages not covered by the release. For this purpose the deed was proper evidence and should have been admitted.

The rule is settled that where a condemnation takes place according to maps and plans introduced upon the trial, and these should afterward be changed, the land owner can recover any damages resulting from such change. P. & R. I. R. R. Co. v. Birkett, 62 Ill. 332. How far this rule can be made applicable to the present case we will not undertake now to say. But we are of the opinion that before appellee can recover damages from appellant it must appear that appellant's acts amount to a departure from, or were not embraced within the purposes for which the release was made.

We have examined carefully the authorities cited by counsel for appellee in support of their theory of the case. They announce the well recognized principles that the owner of the dominant heritage may not flood the servient, nor may the owner of the servient heritage dam the water back upon the dominant. If, in the construction of appellant's road, such a result should have followed, then, in the absence of a release, the damage resulting therefrom would have been a proper element to be considered in the condemnation proceedings which must necessarily have followed before appellant could have entered upon the land. In that case the injury resulting from such proposed flooding of appellee's land would have been compensated for by the damages awarded. It follows, therefore, that if the injury complained of here was the necessary result of the construction of the railroad, the damages caused thereby have been fully released. We are unable to perceive that these authorities touch the question now under consideration.

For the error in rejecting the deed when offered in evidence, the judgment of the circuit court will be reversed and the cause remanded.

Reversed and remanded.