# ST. LOUIS, VANDALIA & TERRE HAUTE RAILROAD CO.
## v.
## NICHOLAS HURST.

*Railroads—Diversion of Surface Water—Release—Instructions—Evidence.*

In an action against a railroad company to recover damages for diverting surface water from its right of way, out of its natural course, against and upon the plaintiff's land, it is *held:* That a release of all claims for damages by reason of the location and completion of the defendant's road, contained in a conveyance of the right of way, does not bar the action; that the instructions fairly presented the issues and the law; and that the evidence supports the verdict for the plaintiff.

[Opinion filed May 24, 1887.]

Appeal from the Circuit Court of Clark County; the Hon. James F. Hughes, Judge, presiding.

Messrs. John G. Williams and T. J. Golden, for appellant.

Messrs. Whitehead & Jones, for appellee.

Pleasants, P. J.    This was an action of trespass against the railroad company for diverting surface water from its right of way, out of its natural course, against and upon the plaintiff's land, whereby a wide and deep ditch was cut therein a distance of over 200 yards.    Verdict and judgment in his favor for $100 damages.

He had conveyed to the company for right of way a strip, 100 feet in width, running nearly east and west across his forty-acre tract, and thereby released all claim for damages by reason of the location and completion of the railroad through or upon any part of it.    A branch or stream of water ran easterly through this tract, north of the right of way, to a point near the east line, where turning southerly it crossed the latter and passed on southeasterly.    The road bed on this strip was raised from one to three feet, and crossed the stream on trestle work.    Through the ditches on the sides, made by throwing up the earth for the road bed, surface water flowed to the trestle from a point about a mile west.    When the road was constructed a culvert was put in between 400 and 500 yards west of the trestle, connecting these side ditches. Afterward the latter was filled up and a ditch cut from the north end of the culvert box north to plaintiff's land.    It seems that just at and a little way west of the culvert the natural surface is a trifle higher on the south than on the north side of the road, and the water thus thrown against plaintiff's land has cut its way further north upon and through it by a zig-zag course to the stream or branch which is four or five feet lower than the land at the fence.

Plaintiff claimed that except for the ditch on the south side of the road much of the water carried by it from the west to the culvert would naturally have flowed southeast; that

by means of the side ditches, if they had been maintained, it would have been carried on east to the trestle; that the short ditch from the culvert north to his land was not necessary for the proper maintenance of the road bed; that although, at the culvert, there was a slight swag in the natural surface, the water flowed thence southeast and never north over his land, which was higher along the line of the north fence of the right of way.

On the other hand the defendant claimed that these ditches were essential to maintain a solid and safe road bed and that at the culvert there was a natural depression north, by which surface water would flow upon plaintiff's land at that point.

The case has been here before, on appeal by the company, and is reported in 14 Ill. App. 419. On the last trial the error for which the former judgment was reversed, was corrected by the admission in evidence of the plaintiff's deed of release to the defendant, of which so much as is pertinent has been stated.

On behalf of the plaintiff the court instructed the jury that if the company "created a new channel from its right of way into the land of plaintiff, or through it, not reasonably necessary to construct and maintain its road, and the water from the defendant's road ran through such channel upon or through plaintiff's land, thereby damaging it, then the plaintiff is entitled to recover," and for the defendant, as the opposite hypothesis, that if the company "on its right of way constructed ditches or drains reasonably necessary to drain off the surface water from its right of way, road bed and track, whereby surface water was conveyed to and through a culvert under defendant's railroad, thence down a natural course for water to flow on the land of the plaintiff and into a branch or stream on the land of the plaintiff, then the plaintiff is not entitled to recover in this case, although the jury may believe that some damage was inflicted, and the volume of water from the railroad right of way into said branch or stream was increased from what it was before the construction of said railroad and ditches."

These instructions fairly present the issues and the law, and

the only point made by appellant is that there was no evidence on which to base the one given for the plaintiff, or to support the verdict. We think it clearly untenable, referring, without discussion, which would be useless, to the testimony of the plaintiff, of Elisha Hurst and of Stephenson, the county surveyor. Notwithstanding the contradiction by witnesses for the appellant, in view of the uniform result of former trials, the testimony referred to, and circumstances that might be mentioned, we do not feel at liberty to disturb the judgment.

*Judgment affirmed.*