|  72   337 |
| 112  ¹ 16 |

## Edward A. Worthington v. Samuel E. Gross.

1. CONTRACTS—*Preliminary Oral Negotiations.*—All oral negotiations and agreements between the parties, which precede the reduction of their contract to writing, will be treated as merged in the writing.

2. LATENT DEFECTS—*In the Absence of Fraud.*—In the absence of actual fraud the law will not protect a party where he has failed to exercise ordinary diligence and precaution to protect himself.

**Bill for Injunction.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 16, 1897.

SMITH, GILBERT & KREIDLER, attorneys for appellant, contended that while the agreement of the defendant below was not in writing there was a performance by the complainant which takes the case out of the statute of frauds. He entered into possession of the premises, paid the consid-

eration in the manner agreed by executing notes for all of the deferred payments and delivering them to the defendant, and paid the taxes on the premises after 1894. There was a part performance which will take the case out of the statute of frauds. Thornton v. Heirs of Henry, 2 Scam. 218; Updike v. Armstrong, 3 Scam. 564; Northrop v. Boone, 66 Ill. 368; Fitzsimmons v. Allen's Adm., 39 Ill. 440; Warren v. Warren, 105 Ill. 568.

YOUNG, MAKEEL & BRADLEY, attorneys for appellee.

In a preliminary arrangement between land owner and railroad company for grant of right of way, one of the conditions was that the company should fill up a certain sluice. The writing made to evidence the agreement omitted the condition relative to the sluice; it was held upon bill to enforce the written agreement, that no evidence could be received of the verbal contract for the filling of the sluice. Purinton v. Northern Ill. R. R. Co., 46 Ill. 297; Smith v. Price, 39 Ill. 28.

In a bill for specific performance of a parol agreement of insurance alleged to have been made at or prior to the execution of certain papers upon the subject, modifying the terms of the contract embraced in such papers, it was held that proof of such parol agreement could not be received. Winnesheik Ins. Co. v. Holzgrafe, 53 Ill. 516.

Where parties reduce their contract to writing, the law presumes that the whole terms and conditions of the agreement are fully incorporated in and become part of the written instrument. Conwell v. Springfield & N. W. R. R. Co., 81 Ill. 232.

Where parties have deliberately put their engagement in writing, in such terms as to import a legal obligation, without any uncertainty as to object or extent of such obligation, it is conclusively presumed that the whole engagement of the parties, and the extent and manner of their undertaking, was reduced to writing, and oral testimony of a previous *colloquium* between the parties, or of conversations or declarations, at the time when it was completed, or afterward, is rejected. Keegan v. Kinnaire, 12 Ill. App. 484.

Where a new lease is made superseding an old lease, and embracing a remnant of the term of the old lease, testimony can not be received of an oral agreement by which rights may have arisen of matters connected with the old lease. Hoag v. Carpenter, 18 Ill. App. 555.

It is a well settled rule of law that all oral negotiations and agreements between parties which precede the reduction of their contract to writing, will be treated as merged in the writing, and that where a writing expresses certain things to be performed by one party, upon a consideration moving from the other, it is not competent to prove by parol, that some other thing in addition to those stated in the writing, was also and before or at the time of the making of the writing, agreed to be performed upon the same consideration.    Covel v. Benjamin, 35 Ill. App. 297.

MR. JUSTICE WINDES DELIVERED THE OPINION OF THE COURT.

Appellant filed an original bill in the Superior Court against appellee January 26, 1897, and later an amendment thereto, on which an injunction was issued.    February 27, 1897, appellee answered the bill as amended.    March 17, 1897, upon motion of appellant, supported by affidavit, leave was granted by the court to file an amended bill instanter, in which it is stated that this amended bill is in lieu of all other bills and amendments.    To this amended bill appellee interposed a demurrer March 22, 1897, and on the same day the court dissolved the injunction theretofore issued.    Afterward appellant, by leave of the court, filed an amendment to said amended bill, and to the amended bill thus amended the court sustained the demurrer of appellee, and dismissed it for want of equity.

The bill, as last amended, alleges that appellant desired in June, 1894, to buy a dwelling house and lot of land; that appellee showed appellant certain unimproved real estate in Cook county; that it was arranged between them if appellee would erect a house on the said real estate of the character desired by appellant, he would purchase the real estate; that an agreement in writing—but what its terms and conditions

were is not alleged—was entered into between them for the purchase of said real estate, and appellant paid appellee on said purchase $5, and when the said agreement was signed, appellant stated that "unless an agreement satisfactory to complainant for the building of a house upon said lots was arranged, he would not make the purchase;" that thereupon they proceeded to arrange the details of the agreement for the erection of a house on said real estate, and it was finally verbally agreed that appellee should erect a house and "build" a well thereon, according to certain written plans and specifications, agreed upon between them; that the price of the house and well, which was agreed on, should be added to that of the real estate; that appellant should make certain payments and perform certain agreements, and appellee should convey said premises to appellant.

It is further alleged that the house and well were "built" by appellee. The said last mentioned agreement was afterward reduced to writing and signed by appellant at the request of appellee, who then represented to appellant that said house and well were substantially completed; that appellant paid the further sum of $295; the previous agreement, made when the first payment of $5 was made, was surrendered by appellant to appellee at the time of signing the latter agreement for the purchase of the lot, including the house; that appellant then supposed that appellee had performed his agreement and had constructed said dwelling house and well in accordance with the terms and conditions of said plans and specifications, except in some minor and unimportant points which appellant agreed to complete, and that thereupon after executing said last mentioned agreement and certain notes evidencing the payments therein agreed to be made, appellant took possession of said house and premises, and that after he took such possession appellant found that said house and well were not "built" in accordance with said plans and specifications, setting out divers items in that regard, including lack of water in the well, leaking of the house roof, improper application of paint on outside of the house, by which it had flaked and fallen off, unfit mate-

rials used in construction of house, inferior workmanship, foundations not properly put in, and also that the plastering had become cracked and broken. It is further alleged that said defects were not patent and open to observation at the time appellant executed said agreement and took possession of said premises, but that the same, on account of said inferior workmanship and materials, have developed since; that appellant can not state that appellee knew of said defects, but that appellant informed appellee of said defects; that appellee had promised repeatedly to remedy the same, and did certain work on said well and house, but failed to remedy the defects; that appellee finally refused to do anything further, and that said defects still remain, by means whereof appellant is greatly inconvenienced and damaged to the amount of a number of hundreds of dollars.

It is also alleged that appellant, relying on appellee's promises to remedy said defects, continued to make payments of said notes as they became due until June, 1896, but he then refused to make further payments until appellee should remedy said defects; that appellee demands that appellant should pay all said notes, and has sued appellant before a justice of the peace to recover on the notes that have matured.

Appellant asked an injunction to restrain the prosecution of said suit on said matured notes, to prevent further suits on any of said notes and on the covenants of said agreement of purchase until appellee should have performed said verbal agreement for the erection of said house and the "building" of said well, or until he should have made a proper deduction to appellant from said notes, and to restrain appellee from selling or disposing of said notes, or said written contract, until he shall have complied with the terms thereof, and also for general relief.

The relief sought seems to be based upon the general proposition that it would be a fraud to allow appellee to enforce the payment of said notes, which were given pursuant to the contract of purchase of said real estate, without first complying with his verbal agreement to construct said house and well.

Appellant claims that the verbal agreement to " build " the house and well upon the lots and convey the same, was within the statute of frauds, and he can make no defense at law to the notes. This is true, being an agreement to convey lands, but after the house and well were constructed, appellant, as he claims, believing that the same was done in accordance with the plans and specifications, made the agreement of purchase of the land, which was reduced to writing and signed by both parties. This action of the parties was a merger of all former verbal negotiations and agreements between them leading up to the written agreement of purchase. The only writing which had theretofore been executed, was surrendered to appellee at the time the last written agreement was made. Smith v. Price, 39 Ill. 28; Conwell v. Springfield & N. W. R. R. Co., 81 Ill. 232; Kergan v. Kinnaire, 12 App. 484; Covel v. Benjamin, 35 App. 297.

The law in this regard is well stated in the Canwell case, *supra*, in which the court said : " Where parties reduce their contract to writing, the law presumes that the whole terms and conditions of the agreement are fully incorporated in and become a part of the written instrument."

In the Covel case, *supra*, the court stated : " It is the well settled rule of law that all oral negotiations and agreements between parties which precede the reduction of their contract to writing, will be treated as merged in the writing."

No fraudulent act of appellee is alleged, nor that there was any mistake save that the defects alleged were not patent and open to observation at the time the written agreement was executed. It does not appear they could not have been discovered by ordinary care in the inspection of said building and well. In the absence of actual fraud on the part of appellee, in order that appellant should be protected from such defects he must have provided against them by his contract. The law does not protect him when he has failed to exercise ordinary diligence and precaution to protect himself. Fauntleroy v. Wilcox, 80 Ill. 477; Bond v. Ramsey, 89 Ill. 29; Ladd v. Pigott, 114 Ill. 647.

Inasmuch as there was clearly a merger of all previous verbal agreements in the written contract, it is unnecessary to discuss the other points made by appellant as to the verbal contract being executed, and therefore not within the statute, part performance taking the verbal contract from within the statute, and multiplicity of suits.

The decree of the trial court is affirmed.