.112      13
a211s     79

## Joseph Bolter and Edward Bolter, copartners, etc., et al. v. Anthony Kozlowski, et al.

### Gen. No. 10,907.

1. MECHANIC'S LIEN—*contract essential to support a.*  A mechanic's lien cannot be predicated upon a contract which does not fix the time for the performance of the work or for the payment thereof.

2. BLANKS—*how authority to fill, must be availed of.*  Where there is no authority to fill blanks in a written contract after it has been executed and delivered it must not be done surreptitiously and when done, it should be done in the original and such original produced.

3. BLANKS—*presumption as to what intended to be placed in.*  Where the time for the completion of the work provided for in a written contract is left blank, the court cannot say that the parties intended to fill the blanks, or if they did intend to fill them, what insertion was intended to be made.

4. ALTERATIONS IN TRANSCRIPT—*power of chancellor to investigate.*  The chancellor, after the master has reported, and at the hearing, has power to investigate whether unauthorized alterations have been made in the transcript filed by the master.

Mechanics' lien proceeding.   Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1902.   Affirmed.   Opinion filed January 19, 1904.

A. G. DICUS, C. P. ABBEY and ELMER H. ADAMS, for appellants.

GORDON A. RAMSAY, for appellee Kozlowski.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is an appeal from a decree dismissing, for want of equity, appellants' intervening petitions for mechanics' liens.

The petition of Bolter Bros. & Co. as amended alleged a contract in writing with appellee, dated June 7, 1899, to do the iron work on a building in course of erection and to complete the work " on or before the first of May next," for which appellee agreed, as stated by his attorneys, to pay a fixed sum in payment of eighty-five per cent as the work progressed and the balance upon completion.   It is

alleged that through delays of the other contractors, appellants' work had not been completed, but that appellants were ready and willing to complete it when appellee would prepare the building therefor; also, that two architects' certificates, dated July 8, 1899, and March 8, 1900, had been issued to said appellants, and that they filed their claim for lien March 14, 1900, in the office of the clerk of the Circuit Court of Cook County. The cause was duly referred to the master, who reported in favor of said appellants' claim and that they have a valid lien therefor on the premises in question.

When the cause came on to be heard by the court on exceptions to the master's report, appellee claimed for the first time, it is said, that unauthorized alterations had been made in the transcript of testimony reported by the master, by which certain blanks in the copy of the written contract as set forth in the transcript had been filled by inserting the words "1st" and "May," making that portion of the contract read, "and to have the entire work completed on or before the *1st* day of *May* next." The charge that the transcript has been so tampered with appears to have been made orally to the chancellor, who proceeded to investigate it. The master, the stenographer, and one of appellants were examined in open court. The master states that an exhibit A, which purports to be a copy of the original contract and in which there appear no blanks, was before him when he made the report, and he seems to have supposed it to be a true and undisputed copy of the original, and to have made his report and stated his conclusions from that exhibit. That exhibit also bears an indorsement made apparently in the same handwriting as that which filled the blanks in the copy contained in the transcript of testimony, and the master states that handwriting is not that of any one in his office. There is a further unauthorized interpolation of the words, "Leave given to withdraw same and file copy." It appears that the blanks referred to were unfilled in the copy of the contract filed in the office of the clerk of the Circuit Court as a part of appellants' claim for lien, and

Bolter v. Kozlowski.

the sworn copy of the bill shows the same blanks. One of appellants swears that there were two copies of the contract, one of which had blanks and the other not. It does not appear by whom the interpolations were inserted.

Upon this showing it was made clear to the chancellor that no contract was shown to have been actually in evidence before the master. It appeared that what purported to be copies, had been introduced and that blanks had been surreptitiously filled by some person unknown after the testimony had been taken before the master, and the transcript prepared. With the blanks unfilled, the original contract, if produced, would have fixed no time for the performance of the work or for the payment of the price, and the decree under this showing correctly finds that appellants were not entitled to a lien. Freeman v. Rinaker, 185 Ill. 172. No inferences could be indulged in not supported by evidence.

It is claimed that appellants had implied authority to fill in the blanks in the original contract, after it was executed and delivered, citing City of Chicago v. Gage, et al., 95 Ill. 593, and other cases. It is sufficient to say that even if it should be conceded that in this case appellants had such authority under the circumstances attending the execution and delivery of the contract in controversy, there is nothing to show that it was ever exercised, and if it was, the original is not shown to have been introduced in evidence. It was a copy in which the blanks were filled, and this was done surreptitiously by some unrevealed party.

It is urged that the wording of the contract, " to have the entire work completed on or before the          day of          next," read in connection with the date of the contract, June 7, 1899, makes it evident that the intention of the parties was that the work should be completed on some day of some month next after June 7, 1899. We are unable to say that the parties intended to fill the blanks at all, or if they did so intend, what insertion it was intended to make.

It is urged that the court erred in receiving and consid-

ering the evidence in open court relating to the alleged tampering with the transcript, citing Cox v. Pierce, 120 Ill. 556. The evidence referred to was taken in the course of an investigation which it was entirely proper for the court to make. The result tended to show that the conclusions of the master were not supported by the evidence taken before him. That testimony was not taken upon the issues which had been referred to the master, but to determine the correctness of the record as it stood, when presented to the chancellor. In this we find no error.

The claim of K. Hirsch & Co. depends upon a similar written contract containing the same blanks as in 'the contract above referred to, " and to have the entire work completed on or before the        day of        next." It is claimed, however, that this imperfect contract is supplemented by a subsequent conversation between the parties prior to the beginning of the work. The evidence relating to such supposed parol agreement after the execution of the writing does not support the claim in this respect and all verbal conversations and agreements made before are deemed merged in the written instrument, which embodied the final conclusion of the parties up to the time of its execution. Worthington v. Cross, 72 Ill. App. 337, and cases there cited.

The decree of the Superior Court must be affirmed.

*Affirmed.*