John U. Metzger, Appellee, v. Highland Brewing Company, Appellant.

CONTRACTS—*what not varying by parol.* The rule which precludes the varying of a written contract by parol is not violated if a separate independent oral contract is established.

*Assumpsit.* Appeal from the Circuit Court of Fayette county; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the February term, 1909. Affirmed. Opinion filed November 13, 1909.

JOHN A. BINGHAM, for appellant.

ALBERT & MATHENY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee owned a store and hotel building in Vandalia, Illinois. On the ground floor were three large rooms, the first being subdivided into an office, dining room and kitchen and the other two rented for store rooms. On January 22, 1904, he made a five year written lease to appellant of the middle room, on the ground floor at a rental of $40 a month. The lease contained the following, among other provisions:

"The said first party (appellee) is to furnish necessary electric light fixtures in and for said room and to furnish necessary radiators in said room, to heat the same * * * and the said second party (appellant) agrees to furnish the light and water and heat, or steam for heat, to be used in said room."

At the time or shortly before the written lease was signed by the parties, appellee claims that he made a contract with the secretary of appellant, with whom the negotiations for the leasing were also conducted, to furnish heat for the room. It was agreed that a reasonable price should be paid, but the exact amount was not determined upon. The building was arranged

for steam heating, the heating plant being under the room leased to appellant and three steam pipes used in heating the hotel rooms above, as well as the flue, running up through the room. Appellee also put radiators in the room, connecting them with the steam pipes. It was arranged by him, that the person who ran the hotel should operate the heating plant for the entire building. Appellant took possession of the rooms and sublet them to Janett Brothers for saloon purposes. For the first two winters the Janetts settled for the heat with the two landlords, who successively ran the hotel, paying for one-third of the coal used. The third year, still another party, Suhren, took charge of the hotel. Some difficulty arose between him and the Janetts, which resulted in his closing the door between the hotel and the saloon and in a notice from them, that they did not want the heat any longer. For the next two winters, neither appellee nor the tenants in charge of the hotel, received anything for heating the room from appellant or its tenants.

It is claimed by appellee, that the room received sufficient heat to keep it comfortable from the steam pipes and flue running through it, and there was also some proof tending to show that the radiators were at times in use or at least thoroughly heated by the steam. At any rate the room was heated to such an extent in the way mentioned, that no other means of heating it were put in or used. Appellee agreed with the landlord of the hotel that if the saloon men did not pay the heat, he would deduct it from the rent of the hotel, which he did. In June, 1907, the Janetts having sold out, and they and appellant having refused to pay for the heat of the room for the two preceding winters, this suit was brought, which resulted in a judgment in favor of appellee for $60.

Appellant insists that this suit was based upon a lease in writing and under seal; that appellee could not properly introduce oral evidence to prove any ar-

rangement concerning payment to be made for the heat before the signing of the lease, and that the court erred in admitting such evidence.

It is an accepted rule of law that parol evidence cannot be heard to vary or contradict the terms of a written contract and it is equally well settled that "Where parties reduce their contract to writing, the law presumes that the whole terms and conditions of the agreement are fully incorporated in and become a part of the written instrument." Conwell v. S. & N. W. R. R. Co., 81 Ill. 232.

But these rules apply only to such matters as properly come within the scope of the written instrument. In this instrument provision was made, by which appellee should furnish the necessary radiators to heat the room and appellant should furnish the heat or steam for heat, to be used in the room. No provision was made as to how or from whom appellant was to obtain this heat or steam for heat, and it was at liberty to contract with whomsoever it desired in that regard. While it could have contracted with another person to furnish the heat it elected to contract with appellee for the same, but when it did so, such contract was an independent contract and no more connected with the written contract, than if it had made the agreement with a third party. Appellee, therefore, had a right to introduce oral evidence concerning the terms of this independent contract, and the court did not err in refusing to exclude it.

While the case was rather a close one upon the facts, yet, as there was evidence tending to show that the contract for furnishing heat was made, as claimed by appellee, that appellant's tenants had the use of the heat for the two seasons for which they refused to pay, and as the amount found by the jury was a reasonable one, we are not at liberty, if we were so disposed, to disturb their verdict.

Appellant claims that the first instruction given for appellee was erroneous "because it assumes appellee

furnished the steam for heat and that Yarborough (his tenant) was appellee's agent therefor." An inspection of the instruction shows that it does not assume that appellee furnished the steam for the heat. Yarborough's name was not mentioned in the instruction, but one of the questions submitted to the jury was "whether plaintiff or his agents did furnish the heat to keep the room warm." The evidence in the case plainly showed that appellee made arrangements with the tenants of his hotel to furnish the heat, and as they were agents for that purpose, the instruction was not subject to the objection made.

Appellant complains that instructions 7, 8 and 9 offered by it, which told the jury they should find for the defendant, unless they found from a preponderance of the evidence that the defendant promised to pay for the heat, were modified by the court, by adding the words "or accepted and used the heat." We are of opinion that the modification was, under the circumstances shown to exist in this case, entirely proper and that appellant could not avoid the payment of the debt, if it or its tenant accepted and used the heat in question.

The complaint that the court erred in refusing to give certain instructions, offered by appellant, is without substantial merit in our view of the case as above expressed.

The judgment of the Circuit Court is affirmed.

*Affirmed.*